**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Comfort Mattress, LLC, | Case No. 20-10565-CSS |
| Debtor. | **Objection deadline:  3/21/2022 at 4:00 p.m. (ET)**<br>**Hearing date:  [to be scheduled at the direction of the Court]** |

**MOTION OF ALFRED T. GIULIANO FOR ENTRY OF AN ORDER**
**REOPENING THE CHAPTER 7 CASE OF COMFORT MATTRESS, LLC AND**
**REAPPOINTING THE CHAPTER 7 TRUSTEE, EACH EFFECTIVE**
**AS OF MARCH 7, 2022, AND GRANTING RELATED RELIEF**

Alfred T. Giuliano (the "Trustee"), by his undersigned counsel, files this Motion pursuant to sections 105(a) and 350(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 5010 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 5010-1, seeking the entry of an order, substantially in the form attached hereto, (i) reopening the chapter 7 case (the "Case") of Comfort Mattress, LLC (the "Comfort") effective as of the filing of this Motion; (ii) reappointing the Trustee as the chapter 7 trustee of the Debtor's estate, effective as the filing of this Motion; (iii) waiving the filing fee upon reopening the Case; (iv) directing that the Case be jointly administered for procedural purposes only with the chapter 7 cases of its affiliated Debtors under lead case no. 20-10553; (v) entering an order granting the relief requested in this Motion with immediate effect; and (vi) granting related relief.  In support of this Motion, the Trustee respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

pursuant to 28 U.S.C. §§ 1408 and 1409.  The predicates for relief sought herein are sections 105(a)

and 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010, and Local Bankruptcy Rule 5010-1.

## **BACKGROUND**

2.      On March 8, 2020, Comfort and its affiliated debtors (collectively, the "Debtors")

each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.      On March 10, 2020, the Court entered an order directing that the Case and the cases

of the other Debtors be jointly administered for procedural purposes only under lead case number

20-10553.  *See In re Art Van Furniture, LLC, et al.*, 20-10553-CSS, D.I. 71.

4.      On April 3, 2020, the Debtors filed a motion to convert their chapter 11 cases to

cases under chapter 7 of the Bankruptcy Code.

5.      On April 7, 2020, the Court entered an order [D.I. 7] converting the Debtors' cases

to cases under chapter 7 of the Bankruptcy Code.

6.      Also on April 7, 2020, the Trustee was appointed as the Chapter 7 Trustee of the

estate of Comfort and the estates of each of the other Debtors.

7.      Even though no chapter 7 bar date had been set in the Case, creditors filed 34 proofs

of claim against Comfort totaling approximately $6,608,966.73.[1]

8.      Notwithstanding, because at that time it appeared Comfort had no assets and the

Case had been pending for approximately 18 months, on October 11, 2021, the Trustee filed a

report of no distribution in the Case.

9.      On November 15, 2021, the Court entered an order, among other things, closing

the Case.

---

[1] Nothing contained in this Motion shall be deemed an admission by the Trustee with respect to the allowance, priority, or amount of any claims against Comfort.  The Trustee reserves all rights.

10.    The Trustee remains the duly qualified and appointed chapter 7 Trustee of the other Debtors.

11.    After the Case was closed, the Trustee discovered that Comfort may hold potential litigation claims that may have value to the estate and its creditors. Specifically, contemporaneously with the filing of this Motion, the Trustee is commencing an adversary proceeding in this Court to pursue potential litigation claims on behalf of the Debtors, including Comfort.

12.    Accordingly, the Trustee files this Motion to, among other things, reopen Comfort's Case, so the potential litigation claims can be administered for the benefit of creditors.

## **RELIEF REQUESTED**

13.    By this Motion, the Trustee seeks the entry of an order pursuant to sections 105(a) and 350(b) of the Bankruptcy Code, Bankruptcy Rule 5010, and Local Bankruptcy Rule 5010-1, reopening the Case and reappointing the Trustee, each effective as of March 7, 2022, and granting related relief.

14.    Bankruptcy Code section 350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).  Bankruptcy Code section 105(a) provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 350(b).

15.    Bankruptcy Rule 5010 provides in relevant part that "[a] case may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code." Bankruptcy Rule 5010 further provides that, in a reopened case, a trustee may be appointed if "the court determines that a trustee is necessary to protect the interests of creditors and the debtor or to insure efficient administration of the case."

16.     Local Bankruptcy Rule 5010-1 provides:

> A party seeking to reopen a chapter 7 or 12 case shall file a motion
> with the Court and shall serve the same on 21 days' notice to all
> parties in interest, including the debtors, the United States Trustee,
> the previously appointed trustee, and any party being added, if any,
> as a creditor or party in interest in the case.  If the moving party
> seeks to have a trustee appointed to the reopened case, the motion
> shall indicate why a trustee is necessary under the standards set forth
> in Bankruptcy Rule 5010, and the proposed form of order submitted
> with the motion shall include proposed findings of fact supporting
> the appointment of a trustee, and directing the U.S. Trustee to make
> such appointment.

L.B.R. 5010-1.

17.     "Courts have broad discretion to reopen a case."  *In re Am. Remanufacturers, Inc.,*
439 B.R. 633, 636 (Bankr. D. Del. 2010) (ordering *sua sponte* that a chapter 7 case be reopened to
permit the chapter 7 trustee to pursue litigation claims).  In exercising that distraction, a court
"should balance the certainty afforded parties by finality against the benefits of full and proper
administration of all assets."  *Id.* (internal citation and quotations omitted).

18.     Here, cause exists to reopen the Case and to direct that the Trustee be reappointed
as the chapter 7 trustee so that the assets of the Comfort estate can be fully and properly
administered.

19.     As discussed above, the Trustee has determined that the Comfort estate has
potential litigation claims that may provide value to the estate and creditors.  Reopening the Case
and reappointing the Trustee is necessary to administer those assets, protect the interests of
Comfort's creditors, and further the efficient administration of the Case.  If the Case is not
reopened, the creditors of Comfort—which to date have received no distribution—would be
prejudiced.  On the other hand, no party will be prejudiced if the Case is reopened, as the Case was
closed for administrative convenience and the lead case and the cases of other Debtors remain
open and active.

20.     Accordingly, the Trustee respectfully submits that the equities weigh heavily in favor of reopening the Case and that cause exists to reopen the Comfort Case, to reappoint the Trustee, and to grant the other relief requested herein.

21.     Additionally, the Trustee submits it is appropriate to reopen the Case and to reappoint the Trustee effective as of the date of filing of this Motion to enable the Trustee to promptly and efficiently administer the Comfort estate and its assets, including potential litigation claims.

## NOTICE

22.     Notice of this Motion will be provided to: (i) the Debtor; (ii) the Office of the United States Trustee for the District of Delaware; and (iii) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Trustee submits that no other or further notice is necessary.  By this Motion, the Trustee requests that the Court authorizing and approve such notice as good and sufficient under the circumstances.

## NO PRIOR REQUEST

23.     No prior motion for the relief requested herein has been made to this or any other Court by the Trustee.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests the entry of an order, substantially in the form attached hereto, granting the relief requested in the Motion and granting such other and further relief as is just and equitable.

Dated: March 7, 2022

**ARCHER & GREINER, P.C.**

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6285)
300 Delaware Ave., Suite 1100
Wilmington, DE 19801
(302) 777-4350
(302) 777-4352 (fax)
dcarickhoff@archerlaw.com
bjhall@archerlaw.com

-and-

Stephen M. Packman, Esq.
Three Logan Square
1717 Arch Street, Suite 3500
Philadelphia, PA 19103
(215) 963-3300
(215) 963-9999 (fax)
spackman@archerlaw.com

*Special Counsel to Alfred T. Giuliano, in his capacity as the Chapter 7 Trustee of Art Van Furniture, LLC, et al.*